IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA AYRES et vir., | |
| Plaintiffs, | |
| v. | Civil Action No. 8:13-cv-001597-AW |
| OCWEN LOAN SERVICING, LLC et al., | |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court is a dizzying array of eight motions. The Court has carefully reviewed the record and deems a hearing unnecessary. To simplify the introduction, the Court generally states that it: **GRANTS** the motions to dismiss for insufficient service of process; **DENIES** the cross-motion for summary judgment; **DENIES** the motion to strike; **DENIES AS MOOT** the counter-motion for summary judgment; **STRIKES**, sua sponte, the motion to strike the motions to dismiss; and **GRANTS** the motion to amend.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2013, Pro se Plaintiffs filed a Complaint sounding in mortgage fraud. Plaintiffs named the following eight entities as Defendants: (1) Ocwen Loan Servicing, LLC (Ocwen); (2) Litton Loan Servicing, LP (Litton); (3) J.P. Morgan Chase Bank (JP Morgan); (4) Citibank, NA (Citi); (5) Salomon Brothers Mortgage Securities VII, Inc.; (6) Salomon Smith Barney, Inc.; (7) Salomon Smith Barney Holding; and (8) Citigroup Global Markets, Inc., formerly known as Salomon Brothers Realty Corp. The Court refers to entities (1) – (4) as the

"Lender Defendants" or "Lenders." The Court refers to Defendants (5) – (8) as the "Salomon Defendants."

Shortly after Plaintiffs filed the Complaint, the Court issued an Order noting that Plaintiffs had paid the filing fee and therefore bore the responsibility of effecting service of process. Doc. No. 2. The Court's Order stated that a person "who is not a party" to the case had to effect service of process. *Id.* at 1.

Plaintiffs filed a return of service on June 19, 2013. Doc. No. 5. Although Plaintiffs' return of service is no model of clarity, Plaintiffs thereby purport to have served Defendants by sending the Complaint and Summonses to their resident agents via certified mail. However, the return receipts included in Plaintiffs' return of service clearly show that Plaintiffs did not request restricted delivery. *Id.* at 3–4. Furthermore, in the return of service, Plaintiff Angela Ayres certifies that she herself mailed the Complaint and Summons to Defendants. *See id.* at 1. Plaintiffs concede as much on brief.

The Lender Defendants have all filed Motions to Dismiss. Doc. Nos. 6, 8, 17. The Lenders argue that service was improper because (1) Plaintiffs cannot effect service as parties to the case and (2) Plaintiffs failed to request restricted delivery. Generally, Plaintiffs filed a couple of Oppositions to the Motions to Dismiss. One of the Oppositions purports to be a combined Cross-Motion for Summary Judgment. Doc. No. 9. A substantively similar Opposition was docketed as a combined Motion to Strike. Doc. No. 19. Plaintiffs raise no meaningful arguments in these documents.[1]

Three other Motions are pending. One, Defendants Ocwen and Litton filed a combined Response in Opposition/Cross-Motion for Summary Judgment/Motion to Strike (Counter-

---

[1] Plaintiffs argue in their Motion to Strike that Defendant Citi's Motion to Dismiss is untimely. Although Citi vigorously disputes this contention, this dispute is immaterial; Plaintiffs have identified no unfair prejudice that would result from the Court's consideration of Citi's Motion.

Motion for Summary Judgment). Doc. No. 13. This Motion is moot in view of the subsequent analysis. Two, Plaintiffs filed a Motion to Strike Defendants' Motions to Dismiss. Doc. No. 23. This Motion raises no meaningful arguments. Third, Plaintiffs filed a Motion to Amend. Doc. No. 4. Plaintiffs ask the Court for leave to supplement their Complaint with a deed of trust that they refer to therein yet fail to attach thereto. Defendants have not contested the Motion to Amend. All the pending Motions are ripe but the Motion to Strike Defendants' Motions for Summary Judgment.

**II.     ANALYSIS**

**A.     Motions to Dismiss for Insufficient Service of Process**

The Lenders' correctly argue that Plaintiffs' purported service of process is insufficient. Whether under the Federal Rules or Maryland law, a party to the case may not effect service of process. Fed. R. Civ. P. 4(c)(2); Md. Rule 2-123(a); *see also Knickman v. Prince George's County*, 187 F. Supp. 2d 559, 567 (D. Md. 2002) (citation omitted) ("Service, of course, had to be accomplished by someone other than plaintiff herself."). Furthermore, Rule 4(h) of the Federal Rules of Civil Procedure, which governs serving corporate entities, requires personal service. *See* Fed. R. Civ. P. 4(h)(1)(B); *see also Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000). Therefore, Plaintiffs must have followed Maryland law in attempting to effect service on the Lenders via certified mail. However, Plaintiffs failed to request restricted delivery in contravention of the applicable rule. *See* Md. Rule 2-121(a)(3); *see also Steverson v. HSBC Auto Fin., Inc.*, Civil Action No. DKC 10–3119, 2011 WL 1103164, at *4 (D. Md. Mar. 23, 2011) (citation omitted) (holding that service under Maryland law is improper where "the return receipt . . . reflect[s] that [the plaintiff] failed to request restricted delivery").

Plaintiffs vociferously insist that service was proper, going so far as to call the notion that a party to the case cannot effect service of process as "absurd." In view of the preceding authority, however, Plaintiffs' position is untenable. Plaintiffs also argue that service was proper because the Lenders have actual notice of the suit. However, the Maryland Court of Appeals has "repeatedly held that defective service of process is a jurisdictional defect . . . and [that] actual knowledge of the proceedings on the part of the defendant will not cure that defect." *Lohman v. Lohman*, 626 A.2d 384, 392 (Md. 1993) (citing cases); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Any other counterarguments that one could conceivably glean from Plaintiffs' disjointed memoranda "are picayune and warrant no express consideration." *McGrath v. Williams*, Civil Action No. 8:13–cv–00833–AW, 2013 WL 4507613, at *4 (D. Md. Aug. 22, 2013).

For these reasons, the Court grants the Motions to Dismiss and orders Plaintiffs to properly effect service of process. Under Rule 4(m), Plaintiffs have approximately until October 3, 2013 to effect service of process on both the Lender Defendants and the Salomon Defendants. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . ."). Thus, Plaintiffs have about a month to properly serve Defendants. In light of Plaintiffs' pro se status, the Court will give them another 15 days and require proper service of process on all Defendants no later than October 18, 2013.[2]

---

[2] In attempting to effect service, the Court admonishes Plaintiffs to take into account, in addition to the applicable legal rules, this Memorandum Opinion and the Court's Order of June 10, 2013.

### B. Plaintiffs' Cross-Motion for Summary Judgment

Plaintiffs' combined Opposition/Cross-Motion for Summary Judgment is in the form of an opposition. Furthermore, even if the Court construed this opposition as a motion for summary judgment, it is facially deficient because of its transparence and failure to cite material facts compelling summary judgment. *See generally* Fed. R. Civ. P. 7(b) (stating that motions must "state with particularity the grounds" for relief); Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). Hence, the Court denies Plaintiffs' self-styled Cross-Motion for Summary Judgment.

### C. Plaintiffs' Motion to Strike

Plaintiffs' Motion to Strike fails for the reasons stated in Parts II.A-B, as well as for the reasons stated in footnote 1, *supra*.

### D. Counter-Motion for Summary Judgment

Two of the Lender Defendants' have filed a combined memorandum that, for clarity's sake, the Court has designated Counter-Motion for Summary Judgment. This Motion is moot in light of the Court's disposition of the Motions to Dismiss and Plaintiffs' relevant Motions.

### E. Plaintiffs' Motion to Strike Defendants' Motions to Dismiss

Plaintiffs' filed their Motion to Strike the Motions to Dismiss on August 30, 2013. This Motion is not technically ripe. Nevertheless, it is meandering, redundant, transparent, and largely oblivious to the posture of the case and the issues before the Court. Federal courts have inherent power to dismiss, sua sponte, frivolous or malicious actions. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (citations omitted); *cf. Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490

U.S. 296, 308 (1989). It follows a fortiori that federal courts have inherent power to strike frivolous motions. *See id.*; *cf.* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own . . . ."). Consequently, the Court sua sponte strikes Plaintiffs' Motion to Strike the Motions to Dismiss. For good measure, this Motion would fail even were the Court to reach its merits in view of the Court's analysis in Parts III.A-C.

**F.    Motion to Amend**

For good cause shown, and no opposition being noted thereto, the Court grants Plaintiffs' Motion to Amend. However, Plaintiffs may **not** file an Amended Complaint or refile the Complaint. Rather, Plaintiffs must file the deed of trust **alone** as a supplement to the Complaint. However, Plaintiffs' are free to include the deed of trust with the Complaint if and when Plaintiffs properly serve the Complaint and Summonses on Defendants.

**III.    CONCLUSION**

For the foregoing reasons, the Court: (1) **GRANTS** the Lenders' Motions to Dismiss; (2) **DENIES** Plaintiffs' Cross-Motion for Summary Judgment; (3) **DENIES** Plaintiffs' Motion to Strike; (4) **DENIES AS MOOT** Defendants' Counter-Motion for Summary Judgment; (5) **DENIES**, sua sponte, Plaintiffs' Motion to Strike the Motions to Dismiss; and (6) **GRANTS** Plaintiffs' Motion to Amend. A separate Order follows.

|   |   |
|---|---|
| September 5, 2013 | /s/ |
| Date | Alexander Williams, Jr. |
|   | United States District Judge |

6