IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHAN M. AYRES AND \*
ANGELA AYRES             \*
                         \*
                         \*
v.                       \*     Civil No. – JFM-13-1597
                         \*
OCWEN LOAN SERVICING LLC, ET AL.   \*
                         \*\*\*\*\*\*

## MEMORANDUM

Discovery has been completed in this case. Plaintiffs have filed a motion for partial summary judgment, and defendants have filed a cross-motion for summary judgment. Plaintiffs' motion will be denied, and defendants' will be granted.

As for the claim arising under the Real Estate Settlement Practices Act, plaintiffs have withdrawn their claim. Accordingly, summary judgment will be granted as to it.

Plaintiffs' claim under the Fair Debt Credit Reporting Act is time-barred. The FDCPA has a one-year statute of limitation, and plaintiffs' claims arose substantially before the one-year statute had expired. Moreover, the FDCPA claim is also barred by the FDCPA's statutory defense of *bona fide* error.

Plaintiffs' claim for defamation is preempted by the Fair Credit Reporting Act. Moreover, there is no record or evidence of any damages arising from the credit reports that defendants gave. Mrs. Ayres testified about being denied a car loan, but her credit report shows that there are numerous open credit lines on her report.[1]

---

[1] Plaintiffs contend that defendants' preemption claim is an affirmative defense and should have been pled. In light of the fact that plaintiffs have had an opportunity to brief the issue, I find the

1

Plaintiffs' claims under the Maryland Consumer Protection Act fail because the evidence establishes that plaintiffs did not rely upon any alleged misrepresentation made by defendants. Moreover, there was no evidence that defendants made any misrepresentation with actual knowledge or with reckless disregard as to the falsity of the asserted right.[2]

Date: 11/9/16

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

---

contention to be unmeritorious. In any event, I would grant a motion to amend the answer filed by defendants.

[2] Plaintiffs have also moved to strike the declaration of Kevin Flannigan. The motion is denied. Flannigan relied upon business records that fell within his purview. Moreover, there is nothing inconsistent about his declaration and his deposition.